## In re SPIER AIRCRAFT CORPORATION.
### No. 4265a.

District Court, D. New Jersey.
March 17, 1943.

Max L. Rosenstein, of Newark, N. J., for Receiver.

Charles M. Phillips, U. S. Atty., of Trenton, N. J. (by B. Thorn Lord, Asst. U. S. Atty., of Trenton, N. J.), for the United States.

SMITH, District Judge.

This matter is before the Court at this time on the petition of the United States of America for leave to remove from the custody and possession of the Receiver certain machinery and equipment, the property of the bankrupt estate. The Receiver challenges the right of the United States of America to remove the said chattels from the custody and possession of the Court of Bankruptcy.

The President, pursuant to and in accordance with the Act of October 16, 1941, as amended by the Act of March 27, 1942, 55 Stat. 742, 50 U.S.C.A.Appendix § 721, and the regulations promulgated thereunder, having determined: That the property was needed for the defense of the United States, that the need was immediate and impending and such as would not admit of delay or resort to any other source of supply, and that all other means of obtaining the use of the property for the defense of the United States upon fair and reasonable terms had been exhausted, requisitioned the property in question. A properly authenticated copy of the formal requisition in which the said determinations were embodied was duly served upon the Receiver on March 5, 1943, and demand was thereupon made for possession of the property, which the Receiver refused to surrender. The present proceeding followed.

It is clear that the statute vests in the chief executive the authority to acquire by mere requisition property needed for the defense of the United States upon his determination: First, that the property is needed for the defense; second, that the need is immediate; and third, that all other means of obtaining the property upon fair and reasonable terms have been exhausted. It is the opinion of the Court that these determinations, having been made by the President and embodied in the requisition, are not subject to review in this proceeding.[1] The application of the United States of America is, therefore, granted.

The Statute provides an adequate remedy for the recovery of reasonable compensation, and the Receiver is instructed to institute such proceedings thereunder as are necessary to the protection of the rights of the creditors.

This memorandum is not presented as an exhaustive study of the questions raised by the Receiver. The emergency which is conceded to exist will not permit of an extensive discussion of the questions at this time. The basic question as to the right of the chief executive to remove the property in question from the custody of the Court of Bankruptcy is not determined.

---

[1] Cf. Gray v. Powell, 314 U.S. 402, 411, 62 S.Ct. 326, 86 L.Ed. 301; Adams v. Nagle, 303 U.S. 532, 542, 58 S.Ct. 687, 82 L.Ed. 999; Den ex dem. Murray et al. v. Hoboken Land & Improvement Co., 59 U.S. 272, 18 How. 272, 15 L.Ed. 372; Dow v. Ickes, 74 App.D.C. 319, 123 F.2d 909.